A91A1527. JONES v. BROOKS COUNTY BOARD OF COMMISSIONERS OF ROADS & REVENUES et al.
(414 SE2d 729)

POPE, Judge.

Plaintiff Charlotte B. Jones was employed as acting director of the Brooks County Library by defendant Board of Trustees of the Brooks County Library from March 1, 1983 to August 31, 1988. At no time during her employment did her employer make payments on her behalf to the Teachers Retirement System of Georgia. After termination of employment, plaintiff filed suit alleging the Board of Trustees was required by law to make payments into said retirement system and praying for damages against the Board of Trustees and defendant Brooks County Board of Commissioners for the amount the Board should have paid into the system over the years of her employment. Defendants answered and denied the Brooks County Library was required by law to make retirement fund contributions on plaintiff's behalf. Plaintiff's motion for summary judgment was denied and the case was tried before a jury. At the conclusion of plaintiff's evidence the trial judge directed a verdict in favor of defendant Brooks County Board of Commissioners. The jury returned a verdict for defendant Board of Trustees of the Brooks County Library. Plaintiff appeals.

1. Plaintiff first argues the trial court erred in denying her motion for summary judgment. In her motion, plaintiff argued her employer

was required by law to make contributions to the Teachers Retirement System of Georgia. Pursuant to OCGA §§ 47-3-41.1 and 47-3-42, an employer of a teacher is required to make contributions on the teacher's behalf to the Teachers Retirement System. The definition of "teacher" as used in the Code chapter dealing with the Teachers Retirement System includes "[l]ibrarians and clerical personnel employed by regional and county libraries." OCGA § 47-3-1 (28) (O). Defendants opposed plaintiff's motion for summary judgment, arguing the entity known as Brooks County Library was not, as a matter of law, a county library. According to defendants, a public library may be established only as provided in OCGA § 20-5-40 (b): by resolution of the governing authority of a county or municipality; by approval of voters in a referendum which a governing authority is required to hold in response to a petition by 35 percent of the voters; or by contractual agreement between the governing authorities of any county or municipality. Defendants submitted the affidavit of the Clerk of Brooks County attesting that the county records from 1935 to September 1, 1988 contained no resolution or act establishing a public library, no written petition containing the names of 35 percent of the voters requesting a referendum on establishing a public library and no contract with another political entity establishing a public library. We note that the current provisions of OCGA § 20-5-40 were enacted in 1984 and at the time plaintiff first became employed by the Brooks County Library said statute merely authorized counties to establish and maintain public libraries but did not specify the manner in which they could be established. See Ga. L. 1935, §§ 1-3, p. 409, as amended by Ga. L. 1937, § 1, p. 715 and Ga. L. 1979, § 1, p. 637. Thus, assuming, without deciding, that Brooks County Library could be shown to be a county library at the time her employment commenced, despite the absence of county resolution, et cetera, plaintiff failed to submit any admissible evidence that the Brooks County Library was, as a matter of law and fact, a county library. Thus, the trial court did not err in denying plaintiff's motion for summary judgment.

2. At the trial of the case plaintiff submitted evidence that the Brooks County Library was considered by at least one member of the Board of Trustees to be a public library, that the library received funding from the State of Georgia as if it were a public library and documents indicating the Brooks County Superior Court had granted corporate charters to the Brooks County Library as far back as 1881. In her second and third enumerations of error, plaintiff argues the pleadings, pre-trial order and evidence presented at trial raise the issue of whether defendant Board of Trustees was required by law to make contribution to the retirement fund on plaintiff's behalf and that the trial court thus erred in restricting its instructions to the jury to the issue of whether defendant Board of Trustees breached its con-

tract of employment with plaintiff. However, at the conclusion of the instructions plaintiff announced she had no objection to the jury charge. Thus, plaintiff failed to preserve this issue for appeal.

It is well established that this court will not review errors raised for the first time on appeal. See, e.g., *Holland v. State*, 197 Ga. App. 496 (1) (398 SE2d 810) (1990). "OCGA § 5-5-24 prohibits a party from complaining of the giving or failing to give jury instructions unless it objects before the jury returns its verdict, except where there has been a substantial error in the charge which was harmful as a matter of law." *Department of Transp. v. Old Nat. Inn*, 179 Ga. App. 158, 162 (5) (345 SE2d 853) (1986). Plaintiff stipulated in the pre-trial order that breach of contract was one of the issues to be resolved at trial. By failing to object to the trial court's failure to charge the jury on the remaining issues, the plaintiff, in essence, waived jury consideration of those other issues. Under the circumstances, the trial court did not commit reversible error by failing to charge the jury on the issue of the statutory duty of defendant Board of Trustees to make contributions to the retirement fund on plaintiff's behalf.

3. Plaintiff's remaining enumeration of error, merely stating as a conclusion that the jury based its finding for defendant Board of Trustees on the belief that the county would be required to pay any judgment, raises no ground for reversal.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 16, 1992.

*James W. Lovett*, for appellant.
*Long & Denton, Allen D. Denton*, for appellees.