A94A0510. ROWLAND v. TSAY.
(445 SE2d 822)

SMITH, Judge.

Janet Rowland brought suit against Yeou Ren Tsay, seeking damages for personal injuries allegedly sustained in a fall in the rental trailer she occupied. Rowland appeals the trial court's order granting Tsay's motion to withdraw certain admissions and a second order granting summary judgment in favor of Tsay. We affirm.

1. Under OCGA § 9-11-36 (b), the trial court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." This determination is within the discretion of the trial court, and will be reversed only on a showing of abuse of that discretion. See *Hamrick v. Greenway*, 257 Ga. 287, 288 (1) (357 SE2d 580) (1987).

While no showing of "providential cause" or "excusable neglect" is required, *Whitemarsh Contractors v. Wells*, 249 Ga. 194 (288 SE2d

198) (1982), the circumstances of the admissions shed some light both on the merits of the action and the issue of potential prejudice to Rowland. Counsel for Tsay testified by affidavit that he was served by hand with a packet of documents in response to Tsay's request for production. Included in that packet were requests for admission, which were identified on the third page of an enclosed cover letter dealing primarily with the discovery responses. Counsel was unaware that the requests were included in the packet of produced documents, and counsel received no contact from opposing counsel regarding discovery until after the motion to withdraw admissions was filed.[1]

The requests for admission largely duplicate verbatim the allegations of Rowland's complaint and include requests to admit allegations of liability and damages which Tsay had already denied in his answer. On his motion to withdraw, Tsay presented responses to the requests for admission, as well as evidence by affidavit and deposition to show that his responses were meritorious and not interposed purely for purposes of delay.

With respect to the first part of the test, the trial court did not err in holding that withdrawal of the admissions will subserve the merits of the case. Although not required to do so because he did not have the burden of proof on the matters admitted, *Johnson v. City Wide Cab*, 205 Ga. App. 502, 503 (1) (422 SE2d 912) (1992), Tsay produced evidence negating the admissions, including affidavits and depositions. "Preservation of the merits of the case is subserved by withdrawal of the admissions. In the face of [Tsay's] sworn affidavit and other evidence, these admissions create more questions than answers. Admissions created by the failure of a timely denial do not automatically entitle a party to summary judgment because they do not necessarily resolve disputes created by sworn testimony. They do not stand on higher footing than other evidence and do not negate all other evidence in the case." *Bailey v. Chase &c. Leasing Co.*, 211 Ga. App. 60, 61 (1) (438 SE2d 172) (1993).

Nor did the trial court err in determining that Rowland will not be prejudiced in maintaining her action on the merits. "Merely being deprived of judgment or being forced to go to trial is not such prejudice as will prevent withdrawal of admissions. [Cit.] If matters 'admitted' are in fact false, and if [Tsay], having contradicted his admissions by sworn affidavit and other admissible evidence, can

---

[1] We note that the purpose of requests for admission is to expedite trial and clarify the issues in a case, *Hobbs v. New England Ins. Co.*, 212 Ga. 513, 517 (3) (93 SE2d 653) (1956), not to gain a tactical advantage over opposing counsel. While placing unrelated discovery requests in a packet of produced documents does not sink to the level of the conduct in *A & D Barrel &c. Co. v. Fuqua*, 132 Ga. App. 827 (209 SE2d 272) (1974), such conduct does not advance the merits of the litigation or encourage courteous relations among members of the bar.

demonstrate the falseness of the admissions as he says he can do, the merits of the case are preserved by withdrawal of the admissions. [Rowland] has no right to a judgment based on *false* 'admissions' effected merely because [Tsay] was late in answering the requests for admission, for such false admissions do not subserve the merits." (Emphasis in original.) Id. at 62.

Rowland, citing no authority, contends that this court should require separate written findings by the trial court with respect to each individual admission. Neither OCGA § 9-11-36 (b) nor the applicable decisions require this, and we decline to establish such a rule. The trial court outlined in its order the evidence considered in making its ruling and made the findings required by the Code section. Rowland, again citing no authority, also contends that Tsay's responses to the request for admissions are a nullity because they were filed with the trial court before the order allowing withdrawal of admissions. This argument ignores the requirement that the trial court determine whether the merits of the action will be subserved under OCGA § 9-11-36 (b). Moreover, the trial court's order does not direct the filing of a response; it allows withdrawal of Tsay's earlier admissions. We find no abuse of discretion in the trial court's granting of Tsay's motion to withdraw admissions.

2. The trial court, in a comprehensive and detailed order, granted summary judgment to Tsay on the basis of Rowland's equal knowledge of the condition of the trailer and failure to exercise ordinary care for her own safety. The facts, construed most strongly against the movant, show that Patrick Ingemi, Rowland's boyfriend, rented a trailer from Tsay. Ingemi performed various repairs on the trailer for Tsay in lieu of rent, and signed a receipt for $150 for labor in repairing the trailer floor shortly before the incident. However, Rowland contended this repair never took place; Ingemi repaired other items instead and was told to go through Tsay before repairing anything else. Rowland testified she knew there was a hole or soft place in the trailer floor, and Ingemi had specifically warned her not to step on it. She also testified that she was aware of the specific hazard of falling. Rowland ordinarily took care to avoid the hole, because she could feel it sagging whenever she got close to it, "and most of the times I was real careful." She agreed that she stepped into an area she previously had tried to avoid.

The facts of this case are almost identical to those in *Hall v. Thompson*, 193 Ga. App. 574 (388 SE2d 381) (1989). The plaintiff in *Hall* had known about a sagging plank in her mother's front porch for years, and she avoided it on a daily basis because she knew it was hazardous. However, one day she forgot about the plank's condition, stepped on it, and fell. This court observed: "[e]ven though the condition of the premises may be hazardous and the landlord negligent, he

may not be liable for injury where plaintiff had equal or superior knowledge of the alleged defect. If plaintiff knows of a defect, she must make use of all her senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to her. There is no material issue of fact in the case that plaintiff had specific knowledge of the condition of the plank and of the particular danger of stepping on it. She simply forgot to be careful; this forgetfulness or inattention to a known specific danger does not make the defendant liable for her injury." (Citations and punctuation omitted.) Id. at 574-575 (1). Even though in *Hall* the landlord was not notified of the sagging plank, this is not dispositive because the landlord's knowledge of the defect must be *superior* to that of the tenant. Id. Even assuming, as we must, that Rowland suffered an injury from a fall through a defective floorboard, and that Tsay was notified of the condition of the floor, it is apparent that Rowland's knowledge was at least equal to Tsay's. By electing to walk over that area of the floor she assumed the risk of injury as a matter of law and is thus barred from recovery. *Wells v. C & S Trust Co.*, 199 Ga. App. 31, 32 (403 SE2d 826) (1991).

Rowland contends that this case falls within the scope of *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989), citing several housing code provisions which she contends were violated. However, as the trial court observed, there is no evidence in the record that the trailer or the alleged defect was subject to those provisions, that the condition of the trailer violated any housing code provision, or that Tsay was ever cited for or notified of any housing or building code violations. "Moreover, *Thompson* involved an inherently dangerous defect which the tenants could hardly avoid, or at least there is a substantial jury question on that issue. It cannot easily be compared to a case like this involving [defective flooring] which the plaintiff has avoided in the past and clearly could have avoided on this occasion, with the exercise of ordinary care. Further, we find it imperative to note that . . . the classic rules of negligence still apply in this state. These rules impose liability only where the landlord has actual or constructive superior knowledge, and the plaintiff has a duty to exercise ordinary care for her own safety. To say otherwise would be to relieve tenants of any duty of care and impose absolute liability upon landlords for all defective conditions which could have been repaired before the injury. If it is crystal clear as it is in this case (but was not in *Thompson*) that the plaintiff is at least equally aware of the specific hazardous condition and could have avoided it but simply failed to exercise ordinary care, the case is clearly subject to summary adjudication. Nothing in *Thompson* imposed an absolute liability upon landlords, nor do we believe the Supreme Court intended to do so." (Citations and punctuation omitted.) *Hall*, supra, 193 Ga. App. at

574. The trial court did not err in granting summary judgment in favor of Tsay.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 28, 1994.

Samuel G. Merritt, for appellant.
Sullivan, Hall, Booth & Smith, Roger S. Sumrall, David G. Goodchild, for appellee.