A95A0117. SALEEM v. SNOW et al.
(460 SE2d 104)

RUFFIN, Judge.

Mustafa Nasir Saleem was convicted of two counts of kidnapping with bodily injury, two counts of armed robbery, two counts of aggravated assault and one count of theft by taking. His conviction was affirmed by our court in *Saleem v. State*, 169 Ga. App. 952 (315 SE2d

487) (1984). Since then he has filed various actions in both the federal and state courts. This suit was brought under 42 USC § 1983 and the Georgia Tort Claims Act. The defendants are Wayne Snow, former chairman of the State Board of Pardons & Paroles ("BOP"); Bobby Whitworth, former Commissioner of the Georgia Department of Corrections ("Corrections"); Elizabeth Reynolds Fortson, a clerical employee of BOP; BOP, as a board; and the Board of Corrections ("BOC"). In a lengthy complaint, Saleem essentially challenges BOP's denial of parole and certain disciplinary rules and actions taken by Corrections. Saleem moved for partial summary judgment based upon the defendants' failure to respond to his request for admissions, and defendants moved for summary judgment on his complaint. Saleem consented to the grant of summary judgment in favor of Fortson and BOC. The trial court denied Saleem's motion for partial summary judgment, granted summary judgment to Snow and Whitworth, and denied as moot several other motions filed by Saleem. This pro se appeal followed.

These are the eight counts asserted in Saleem's complaint:

(1) The rules of discipline governing the conduct of prisoners in the Georgia prison system, promulgated by the BOC, are standardless and vague on the one hand and overbroad on the other. Whitworth, as commissioner, was charged with the duty of implementing the rules. When Saleem was considered for parole in 1989 and 1992, his file contained violations of the rules and those violations resulted in the denial of parole.

(2) In promulgating the rule defining the frequency with which prisoners serving life sentences can be considered for parole, Snow and BOP enacted a law in violation of Ga. Const., Art. I, Sec. II, Par. III (separation of powers clause).

(3) Saleem was denied due process by Snow and BOP because in denying parole, they considered his convictions, life sentences and alleged prison rule violations, all of which were void.

(4) Saleem was denied the right to personally appear before BOP and that its meetings violate the Open Meetings Act.

(5) Saleem was denied the right to have an attorney represent him before BOP, and he was denied equal protection because other, more dangerous prisoners were granted parole.

(6) The defendants conspired to violate his civil rights in failing to investigate and denying parole.

(7) The defendants violated OCGA §§ 16-10-8 and 16-10-20.

(8) The BOP breached its duty, in violation of OCGA § 51-1-6, by making laws concerning the eligibility and time-served requirements for parole.

The trial court found that the claims against Whitworth failed because (1) Whitworth did not promulgate the Corrections regula-

tions at issue; (2) the disciplinary proceedings occurred in 1984 and 1989, and he did not become Commissioner until 1990; (3) claims based on these disciplinary proceedings were time-barred; (4) Whitworth was entitled to qualified immunity because the regulations he reasonably relied on were law; and (5) the regulations were adopted during litigation and approved by the federal courts; thus, Saleem is precluded from relitigating them.

As to Snow, the court found (1) the General Assembly was empowered to delegate rule-making authority to the BOP; (2) Snow had absolute legislative immunity; (3) because the last BOP rule-making activity occurred in 1985, the claims were time-barred; (4) Snow had qualified immunity because he reasonably relied on the validity of Saleem's state criminal convictions; (5) Saleem was collaterally estopped from relitigating issues raised in a mandamus petition he filed against his trial judge; (6) the claims challenging the validity of Saleem's convictions were procedurally barred because they may only be asserted in a habeas petition; (7) under OCGA §§ 50-14-3 (2) and 42-9-53, respectively, the BOP was not subject to the Open Meetings Act, and Saleem was not entitled to review his file; and (8) equal protection was not violated because there is no right to counsel in parole proceedings and the fact that other prisoners were paroled, without more, is meritless.

1. Saleem enumerates as error the trial court's grant of summary judgment.

(a) We will first consider the grant of summary judgment as to Whitworth.

We find no error in the trial court's determination that Saleem's claims concerning his 1984 and 1989 disciplinary problems are time-barred under Georgia's two-year statute of limitation for personal injuries. OCGA § 9-3-33; *Giles v. Garwood*, 853 F2d 876 (11th Cir. 1988).

Saleem also appears to impute liability to Whitworth (and Snow) because the BOP considered these purportedly unconstitutionally vague disciplinary proceedings when denying Saleem parole. The trial court did not address this argument although it was raised in the complaint. Because it is undisputed that these regulations were promulgated by the BOC and not the Commissioner, the claim fails.

Saleem also argues that Whitworth *knew* enforcement of Corrections rules violated his due process rights. Since this issue is asserted for the first time on appeal, we need not address it. *Jones v. Brooks County &c.*, 202 Ga. App. 515 (414 SE2d 729) (1992).

The trial court correctly held that Whitworth would be entitled to qualified immunity on the federal claims for damages, but such immunity is limited. Qualified immunity shields state officials from liability for civil damages insofar as their conduct does not violate

clearly established federal law of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U. S. 800, 818 (102 SC 2727, 73 LE2d 396) (1982). It applies only to suits in an individual capacity for damages. *Marx v. Gumbinner,* 855 F2d 783, 787 (11th Cir. 1988). Saleem cannot seek prospective injunctive relief from Whitworth because he is not a member of the BOP and did not promulgate the Corrections regulations at issue. Thus, summary judgment should be affirmed on the claims against Whitworth.

(b) We also find no error in the grant of summary judgment to Snow.

The trial court correctly applied the doctrine of legislative immunity to Saleem's claim that the legislative powers delegated to the BOP as an executive board violate the separation of powers doctrine. Individuals acting in a legislative capacity are absolutely immune from suit. *Village of North Atlanta v. Cook,* 219 Ga. 316 (1) (133 SE2d 585) (1963). Moreover, the trial court also correctly found that this claim would be time-barred because the last rule-making activity complained of occurred in 1985. The statute of limitation would not bar the remaining claims, however. We will not address Saleem's argument that OCGA § 42-9-45 unconstitutionally delegates authority to the BOP because it was first raised on appeal. *Jones,* supra.

Saleem argues that the court erred in rejecting as time-barred his claim that the Corrections regulations were unconstitutionally vague because the BOP considered his disciplinary history (which reflected those violations of the regulations) in his 1993 parole proceedings. This claim is meritless, however. There is no constitutional right to parole. *Greenholtz v. Nebraska Penal &c. Complex,* 442 U. S. 1, 7 (99 SC 2100, 60 LE2d 668) (1979). Georgia law does not create a liberty interest in parole. *Sultenfuss v. Snow,* 35 F3d 1494 (11th Cir. 1994). Even so, due process is violated if the BOP engages in "flagrant and unauthorized action" such as knowing use of false information in a parole determination. *Monroe v. Thigpen,* 932 F2d 1437, 1442 (11th Cir. 1991). However, a litigant fails to state such a claim with conclusory allegations that erroneous information must have been used. Id. Saleem based his argument on uncontested admissions that the BOP considered the disciplinary problems, which the trial court subsequently permitted Snow to withdraw. Because the trial court did not abuse its discretion in allowing the admissions to be withdrawn (see Division 2), Saleem failed to state a claim.

*Monroe,* supra, also forecloses Saleem's argument that the trial court erred in granting Snow qualified immunity because it is clearly established that BOP's admitted reliance on misleading information (arising from disciplinary problems related to the regulations) and void convictions in considering Saleem's parole violates his right to fair parole consideration. Again, Saleem based this argument on un-

contested admissions that the BOP considered the disciplinary problems which the trial court permitted Snow to withdraw.

The trial court limited its qualified immunity ruling on Snow to his refusal to ignore Saleem's convictions. This ruling was correct. No reasonable person would believe that a state official's reliance on unvacated criminal convictions violates clearly established federal law. See *Kentucky v. Graham*, 473 U. S. 159, 166-167 (105 SC 3099, 87 LE2d 114) (1985) (reliance on existing law objectively reasonable).

Because the trial court so limited its ruling on qualified immunity with regard to Snow, Saleem's other qualified immunity arguments are meritless. These include his claims that qualified immunity was improperly granted because it is clearly established that (1) he has a right to be fairly considered for parole; (2) rules prohibiting actions must provide adequate notice; and (3) invidious discrimination based upon poverty violates equal protection.

Saleem appealed the trial court's finding that the Open Meetings Act does not apply to the BOP. The trial court correctly ruled that the Open Meetings Act does not apply to parole deliberations. OCGA § 50-14-3 (2) specifically excludes "the deliberations and voting" of the BOP from the strictures of the Open Meetings Act.

2. Saleem also challenged the trial court's denial of his motion for partial summary judgment, arguing that the trial court abused its discretion in permitting the defendants to withdraw admissions.

Trial courts have discretion to allow the withdrawal of admissions "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal . . . will prejudice him in maintaining his action or defense on the merits." OCGA § 9-11-36 (b). The purpose of requests for admissions is to expedite trial and clarify the issues in a case, not to gain a tactical advantage over the opponent. *Rowland v. Tsay*, 213 Ga. App. 679 (1) (445 SE2d 822) (1994). The trial court's ruling may be reversed only upon a showing of abuse of discretion. Id.

The trial court found that, although the requests for admissions were filed on July 9, 1993, the defendants' counsel stated he did not receive them until September 20, 1993. The court concluded that the merits would be subserved by withdrawal because although no parties presented evidence, a review of the record reveals that the admissions could be refuted by admissible evidence and the motion was not offered solely for delay.

Accordingly, we find no abuse of discretion; therefore, the trial court did not err in allowing withdrawal of the admissions.

3. Saleem argues that the trial court erred in refusing to allow him to amend his complaint in violation of OCGA § 9-11-15 (a). The defendants assert that because Saleem's motion to amend sought to

add numerous additional parties, the court's permission was required.

The record shows that while this motion was under consideration, the defendants filed their summary judgment motion. The court denied the motion to amend as moot after ruling on the summary judgment motion. Because the court had already resolved the case, denial of the motion to amend was not an abuse of discretion.

4. Saleem claims the court abused its discretion by denying his motion for appointment of counsel as an in forma pauperis litigant. The court denied his motion on a finding that the case was not exceptional. Saleem's argument fails because superior courts lack the authority to appoint counsel in civil cases if the fees are to be paid with public funds. *Willis v. Price*, 256 Ga. 767 (353 SE2d 488) (1987). Moreover, because there is no indication that denial of representation resulted in fundamental unfairness in these proceedings or that circumstances made counsel necessary in this case, the court did not abuse its discretion in denying the motion. *Brown v. Diaz*, 184 Ga. App. 409 (361 SE2d 490) (1987).

5. Saleem argues that the trial court erred in failing to extend discovery. In his motion to enlarge discovery, Saleem asserted that he needed additional time because the defendants had not provided him with all the discovery materials he requested. The court denied the motion as moot after ruling on the summary judgment motion. Inasmuch as the defendants' motion for summary judgment was decided as a matter of law, additional discovery would not have changed the outcome of the case. Therefore, denial of the motion was not an abuse of discretion. *Bridges v. 20th Century Travel*, 149 Ga. App. 837 (256 SE2d 102) (1979).

6. Saleem also argues that the court improperly failed to grant his request for public funds to cover transcription costs. His motion seeks recordation of oral argument at the hearing on his motion for partial summary judgment. It appears the trial court dismissed this motion as moot after deciding the summary judgment motion.

Georgia law does not contemplate that the state bear the transcription costs in civil cases. Parties must bear such costs. OCGA § 5-6-41 (c). The court is not required to have the case reported. *Liberty Loan & Thrift Corp. v. Meeks*, 115 Ga. App. 846 (1) (156 SE2d 172) (1967). Nor was a transcript necessary to the decision in this case. Therefore, the court did not abuse its discretion in denying the motion. Id.

7. Saleem argues that the trial court erred in refusing to order the clerk to certify the transcript he prepared from memory for appeal. The trial court denied Saleem's motion to order the clerk to certify the transcript for appeal, finding that the transcript was untimely filed despite the fact that Saleem's election to participate in a settlement conference tolled the time until May 24, 1994, when the defend-

ants elected not to participate in the settlement conference.

This court "may not consider a stipulated transcript or a stipulation of the case without the agreement of the parties, unless approved by the trial court. [Cits.] Where the parties are unable to agree, the decision of the trial court is final and not subject to review. [Cits.]" *King v. State*, 195 Ga. App. 353, 354 (1) (393 SE2d 709) (1990). "[A] stipulated transcript is subject to the same requirements as to time of filing as a transcript by the court reporter, that is, that it be filed with the clerk of the lower court within thirty days of the filing of the notice of appeal. . . ." (Emphasis omitted.) *Ponce de Leon Properties v. Fulton Cotton Mills*, 116 Ga. App. 205, 206 (156 SE2d 487) (1967).

Saleem filed his notice of appeal on May 5, 1994. He filed his motion to order the clerk to certify the transcript for appeal on July 18, 1994, and the defendants contested the motion.

The court did not approve Saleem's transcript; therefore, its decision should be final and unreviewable. OCGA § 5-6-41 (g). Moreover, the trial court correctly found that Saleem untimely filed the transcript. Even if Saleem's election to participate in the settlement conference tolled the time for filing until the defendants rejected the idea on May 24, the transcript was untimely filed. Id.

*Judgment affirmed. Pope, P. J., concurs. Beasley, C. J., concurs in judgment only.*

DECIDED JULY 14, 1995.

Mustafa N. Saleem, *pro se.*

Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Assistant Attorney General, for appellees.