**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 14, 2020**

# In the Court of Appeals of Georgia

A20A1961. STARSHIP ENTERPRISES OF ATLANTA, INC. v. NASH et al.

BARNES, Presiding Judge.

Starship Enterprises of Atlanta, Inc. ("Starship") filed the present action challenging Gwinnett County's adult establishments ordinance and named as defendants the members of the Gwinnett County Board of Commissioners ("Commissioners") in their individual capacities. Starship sought a declaratory judgment that the ordinance was unconstitutional and an injunction to prevent its enforcement. The trial court granted summary judgment to the Commissioners and denied summary judgment to Starship, concluding that the claims against the Commissioners were barred by the doctrine of legislative immunity. Starship now

appeals, contending that the trial court erred in granting summary judgment in favor of the Commissioners. For the reasons discussed below, we affirm.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn therefrom, in a light most favorable to the nonmovant." *Hamburger v. PFM Capital Mgmt.*, 286 Ga. App. 382, 382 (649 SE2d 779) (2007).

*Factual Background.* So viewed, the record reflects that since 2006, Starship has owned and operated two stores in Gwinnett County, Georgia, which sell sexual devices, sexually explicit media items, and other merchandise. On October 27, 2015, the Commission adopted an updated ordinance for "adult establishment[s]," including "sex paraphernalia store[s]" (the "Ordinance"). Under the Ordinance, a "sex paraphernalia store" is defined as a "commercial establishment where more than 100 sexual devices are regularly made available for sale or rental," other than "any establishment located within an enclosed regional shopping mall or any pharmacy or

2

establishment primarily dedicated to providing medical products."[1] The Ordinance requires that all sex paraphernalia stores and other adult establishments operating within the county obtain an adult establishment license. They also must satisfy certain zoning and land use requirements. Neither of Starship's Gwinnett County stores had an adult establishment license or met the zoning requirements for such establishments.

In February 2016, the Gwinnett County Department of Planning and Development, Licensing and Revenue Division ("Licensing Division"), received Starship's applications to renew its occupational tax certificates for its two Gwinnett County stores.[2] The Licensing Division returned the applications to Starship on the

---

[1] The Ordinance defines a "sexual device" as:
[A]ny three (3) dimensional object designed for stimulation of the male or female human genitals, anus, buttocks, female breast, or for sadomasochistic use or abuse of oneself or others and shall include devices commonly known as dildos, vibrators, penis pumps, cock rings, anal beads, butt plugs, nipple clamps, and physical representations of the human genital organs. Nothing in this definition shall be construed to include devices primarily intended for protection against sexually transmitted diseases or for preventing pregnancy.

[2] An occupational tax certificate functions as a general business license in the County.

ground that the certificates could not be granted until the stores obtained adult establishment licenses.

A dispute between Starship and the Licensing Division ensued as to whether Starship's Gwinnett County stores "regularly made available for sale or rental" more than 100 sexual devices so as to meet the definition of a "sex paraphernalia store" and thus of an "adult establishment" under the Ordinance. Based on its inspections of the stores, the Licensing Division claimed that Starship had more than 400 sexual devices available for sell or rental at one store and more than 500 such devices at the other store, and that, as a result, the stores were improperly operating as sex paraphernalia stores without adult establishment licenses.

Ultimately, Starship, although disagreeing with the Licensing Division's interpretation of the Ordinance, removed merchandise from the two stores to avoid classification as sex paraphernalia stores. After conducting another walkthrough of the two premises, the Licensing Division in July 2016 renewed the occupational tax certificates for the stores without requiring adult establishment licenses. The certificates stated that they did not authorize the operation of an adult establishment on the premises and that operation of such an establishment was prohibited and would be unlawful.

*Lawsuit against Gwinnett County.* In January 2017, Starship filed suit against Gwinnett County in the Superior Court of Gwinnett County, alleging that the Ordinance was unconstitutional under the Due Process and Equal Protection Clauses of the Georgia Constitution. Starship sought a declaratory judgment that the Ordinance was unconstitutional and interlocutory and permanent injunctions prohibiting enforcement of the Ordinance. The County filed its answer and counterclaim seeking to enjoin Starship from operating a sex paraphernalia store outside the proper zoning district and without an adult establishment license. The County alleged that Starship's stores were again operating as sex paraphernalia stores by virtue of their trade in sexual devices and that Starship had a practice of repeatedly violating the Ordinance.

During the course of the litigation between Starship and the County, the Supreme Court of Georgia decided *Lathrop v. Deal*, 301 Ga. 408 (801 SE2d 867) (2017). In *Lathrop*, the Supreme Court held that "the doctrine of sovereign immunity extends generally to suits against the State, its departments and agencies, and its officers in their official capacities for injunctive and declaratory relief from official

5

acts that are alleged to be unconstitutional."[3] Id. at 409. After *Lathrop* was decided,

Starship voluntarily dismissed its constitutional claims against the County in

November 2017, but the County's counterclaim for an injunction remained pending.

The superior court subsequently granted the County's motion for summary

judgment and permanent injunction, and in doing so, ruled on the merits of Starship's

constitutional claims. Starship appealed, and in an unpublished opinion, this Court

affirmed the superior court's grant of a permanent injunction against Starship but

reversed the entry of summary judgment on Starship's constitutional claims,

concluding that those claims were not properly before the superior court following

their voluntary dismissal. See *Starship Enterprises of Atlanta v. Gwinnett County*,

Case No. A18A1492 (decided March 14, 2019) (unpublished).

*The Present Lawsuit.* After voluntarily dismissing its constitutional claims

against the County, Starship filed the present action in the Superior Court of Gwinnett

---

[3] The Georgia Constitution's extension of sovereign immunity to "the state and its departments and agencies" applies to counties. *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994). See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e) ("Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."); *Layer v. Barrow County*, 297 Ga. 871, 871 (1) (778 SE2d 156) (2015) ("As a general rule, counties enjoy sovereign immunity.").

6

County in December 2017. Starship raised the same constitutional claims and sought the same declaratory and injunctive relief as it had in its prior suit against the County. However, Starship named as defendants the Commissioners solely in their individual capacities.

The Commissioners answered and later filed a motion for summary judgment on several grounds, including that the claims against them were barred by the doctrine of legislative immunity. According to the Commissioners, "Starship [was] suing the members of the Board because that body voted to pass the Ordinance, a quintessential legislative function." Starship opposed the Commissioners' motion and also filed a cross-motion for summary judgment. Following a hearing, the trial court granted the Commissioners' motion for summary judgment and denied Starship's cross-motion for summary judgment, concluding that legislative immunity barred Starship's claims.

On appeal, Starship challenges the trial court's grant of summary judgment to the Commissioners, arguing that the doctrine of legislative immunity does not bar its constitutional claims for declaratory and injunctive relief brought against the Commissioners in their individual capacities. We disagree.

Under the doctrine of legislative immunity, members of the General Assembly are afforded immunity from "any type of legal action" brought against them in

7

connection with acts performed by them in their legislative capacities. *Village of North Atlanta v. Cook*, 219 Ga. 316, 319-320 (1) (133 SE2d 585) (1963). See Ga. Const. of 1983, Art. III, Sec. IV, Par. IX ("The members of both houses shall be free from arrest during sessions of the General Assembly, or committee meetings thereof, and in going thereto or returning therefrom, except for treason, felony, or breach of the peace. No member shall be liable to answer in any other place for anything spoken in either house or in any committee meeting of either house."). Legislative immunity also applies to local officials acting in their legislative capacities.[4] *Williams v. DeKalb County*, 308 Ga. 265, 279 (4) (d) (840 SE2d 423) (2020). See *Bogan v. Scott-Harris*, 523 U.S. 44, 48-49 (II) (118 SCt 966, 140 LE2d 79 (1998) (noting long-established principle under the common law that local legislators are afforded absolute immunity for their legislative activities). Legislative immunity applies in cases seeking prospective relief, including claims for a declaratory judgment or an injunction. See *Village of North Atlanta*, 219 Ga. at 319-321 (1), (2) (legislators "could not properly be made parties defendant in an action for declaratory judgment asserting the

[4] Legislative immunity for local officials can be abrogated by statute. *Williams v. DeKalb County*, 308 Ga. 265, 279 (4) (d) (840 SE2d 423) (2020). But Starship has not pointed to any statute abrogating legislative immunity under the circumstances of this case. Compare id. (holding that Georgia's Open Meeting Acts abrogates legislative immunity for local officials).

unconstitutionality of a provision in an Act of the General Assembly passed at a session of the General Assembly of which they were members, solely on the basis of acts done by them in their official capacity," nor could they "be required to introduce [particular] legislation" or enjoined "from exercising their unrestricted power to introduce any proposed legislation which they deem to be for the best interest of their constituents"). See also *Saleem v. Snow*, 217 Ga. App. 883, 886 (1) (b) (460 SE2d 104) (1995) (physical precedent only) ("Individuals acting in a legislative capacity are absolutely immune from suit.").

It sometimes can be difficult to draw the line between legislative functions and other types of governmental functions. See *Perdue v. Baker*, 277 Ga. 1, 13 (6) (586 SE2d 606) (2003). But, in enacting the Ordinance, the Commissioners clearly were engaged in a core legislative function. See *Schumacher v. City of Roswell*, 301 Ga. 635, 638 (1) (803 SE2d 66) (2017) ("The enactment of ordinances is at the core of the City Council's legislative functions."); *Perdue*, 277 Ga. at 14 (6) ("The core legislative function is the establishment of public policy through the enactment of laws."). And Starship has failed to show that the Commissioners played any role with respect to the Ordinance other than exercising their legislative authority to adopt it. Accordingly, under the doctrine of legislative immunity, the Commissioners were

9

immune from "any type of legal action" brought against them in connection with the Ordinance, including an action, as in the present case, seeking declaratory or injunctive relief. See *Village of North Atlanta*, 219 Ga. at 319-320 (1), (2).[5]

In so ruling, we note that Starship's reliance on *Lathrop* is misplaced. As part of its decision in *Lathrop*, our Supreme Court explained that the doctrine of official immunity does not bar suits for declaratory or injunctive relief brought against county officers in their individual capacities. 301 Ga. at 443-444 (III) (C). But *Lathrop* provides no basis for concluding that *legislative* immunity no longer applies to officials exercising their legislative functions. Indeed, the Supreme Court in *Lathrop* expressly pointed out: "We address only the doctrine of official immunity that applies to suits against state officers and employees generally. Special doctrines of immunity may apply in suits against particular state officers and employees, but we do not address, for instance, judicial immunity, legislative immunity, or prosecutorial

---

[5] As counsel for the Commissioners asserted at the hearing on the summary judgment motions,

> They could have sued the official charged with enforcing the county's ordinance or the zoning ordinance. They didn't do that. They sued legislators. They sued the five commissioners who sit and vote on legislation. And that is an absolute bar to their suit. And that is clear grounds for summary judgment.

10

immunity." Id. at 435 (III) (C), n. 25. *Lathrop* therefore does not control the outcome here.

For these combined reasons, the trial court committed no error in concluding that legislative immunity barred Starship's claims and thus in granting summary judgment to the Commissioners.

*Judgment affirmed. Gobeil and Pipkin, JJ., concur*.