**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 20, 2026**

# In the Court of Appeals of Georgia

A25A2150. LYNN et al. v. ABERNATHY ENGINEERING GROUP, LLC.

BROWN, Chief Judge.

Abernathy Engineering Group, LLC ("AEG") sued Marty and Angie Lynn ("the Lynns") for breach of contract and quantum meruit after AEG served as an expert witness for the Lynns in a litigation matter involving properties owned by the Lynns. The Lynns failed to respond to AEG's requests for admissions ("RFAs"), and the trial court granted summary judgment in favor of AEG. The Lynns appeal, essentially contending that the trial court erred in granting summary judgment because an affidavit filed by defendant Marty Lynn should have been considered to be a motion to withdraw the admissions and/or provided actual evidence that disputed the admissions. For the reasons explained below, we vacate the judgment and remand

the case for the trial court to consider first whether to permit the Lynns to withdraw the admissions.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. Where, as here, the party moving for summary judgment is the plaintiff, he must make a prima facie showing that no material issues of fact exist and that he is entitled to judgment as a matter of law before the burden shifts to the defendant to establish a possible defense.

(Citations and punctuation omitted.) *Matthews v. Gibson Holdings*, 376 Ga. App. 562 (920 SE2d 357) (2025). The record shows that AEG sued the Lynns in January 2024 for breach of contract and quantum meruit, alleging that the Lynns owed $29,825.47 pursuant to an agreement for AEG to furnish engineering services to the Lynns. On May 15, 2024, the Lynns filed an answer denying the claims and a counterclaim for breach of contract and breach of duty of good faith and fair dealing. On August 1, 2024, AEG sent discovery requests to the Lynns, including RFAs.[1] On September 9,

---

[1] As relevant here, the RFAs provided that the Lynns hired AEG to provide consulting and expert witness services; that AEG provided such services as required by the parties' agreement; that the Lynns failed to pay for the services; that the Lynns have no defense or justification for failing to pay; and that the Lynns owe AEG the

2024, after the Lynns did not respond to the discovery requests, AEG's counsel sent a letter pursuant to Uniform Superior Court Rule 6.4 asking the Lynns to respond by September 20, 2024, or AEG "will be forced to file a motion to compel."[2] The Lynns' counsel responded that same day, stating that he "overlooked [the discovery requests] and will have responses to you by the 20th." On September 19, 2024, AEG filed a motion for summary judgment on its claims and the Lynns' counterclaims, citing the Lynns' failure to respond to the RFAs.

On October 22, 2024, the Lynns responded to the motion for summary judgment, stating that they felt "sandbag[ged]" by AEG's counsel's letter of September 9, 2024, and that they would file a motion to withdraw the admissions contemporaneously with their response.[3] On December 10, 2024, the Lynns filed the affidavit of defendant Marty Lynn, attesting to the parties' dealings and setting forth

principal sum of $29,825.47.

[2] We note that AEG's counsel was not required to send this letter as USCR 6.4's conference requirement "applies more directly to a situation where the parties disagree about what is required by the request or, for example, whether the information sought is privileged, than to the complete failure to respond to discovery." *Barrego v. OHM Remediation Svcs. Corp.*, 245 Ga. App. 389, 390 (1) (537 SE2d 774) (2000).

[3] It does not appear that a motion to withdraw was ever filed.

their responses to the RFAs. At a hearing on the motion for summary judgment, the Lynns argued that Marty's affidavit established a genuine issue of material fact; that the RFAs were duplicative of the allegations set forth in the complaint and already denied by the Lynns in their answer;[4] and that "it would be appropriate, under these circumstances, to allow the admissions to be withdrawn." At the hearing, the Lynns' counsel set forth the law applicable to motions to withdraw admissions, including the two-pronged test. However, counsel also argued that the "affidavit is not a motion to withdraw but it provides all the underlying facts that the [c]ourt needs to determine if it's appropriate to allow the withdraw[al] of [the] admissions," and that the Lynns were just putting evidence in the record; the affidavit was "essentially, evidence that shows that the admissions should be allowed to be withdrawn under the circumstances because you now [have] evidence." Counsel further stated that there was no need to file a motion to withdraw and that it "made more sense" to file the affidavit in "response to the motion for summary judgment because those are the only facts on which the plaintiff relies." The trial court rejected these arguments and granted

---

[4] We note that in *Brankovic v. Snyder*, 259 Ga. App. 579 (578 SE2d 203) (2003), we affirmed the trial court's order granting the defendants' motion to withdraw their admissions partly because the RFAs in that case were duplicative of the allegations in the complaint, which the defendants denied in their answers. Id. at 582.

summary judgment in favor of AEG, ruling that the Lynns' failure to respond to the RFAs rendered all matters "set forth therein to be conclusively established." In its order, the trial court found that the Lynns had failed to properly seek to withdraw the admissions. This appeal followed.

1. In two related enumerations of error, the Lynns contend that the trial court erred in failing to consider the affidavit and counsel's arguments at the hearing as a motion to withdraw the admissions. We agree.

"Under OCGA § 9-11-36 (a) (2), a matter of which an admission is requested is considered admitted unless the party to whom the request was directed denies it or objects within 30 days." *Sayers v. Artistic Kitchen Design, LLC*, 280 Ga. App. 223, 226 (2) (633 SE2d 619) (2006). Pursuant to subsection (b) "any matter admitted under [OCGA § 9-11-36] is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." (Punctuation omitted.) *Njoku v. Adeyemi*, 355 Ga. App. 1, 4 (1) (a) (842 SE2d 317) (2020) (noting that a party "may move to withdraw admissions at any time before summary judgment is *granted*") (emphasis in original). "Our Supreme Court has held that a party seeking withdrawal of an admission need not show 'providential cause' or 'excusable neglect' for failing

5

to answer the requests for admission." *Sayers*, 280 Ga. App. at 226 (2). Rather, "[t]here is a two-pronged test to be employed when considering a motion to withdraw admissions." *Fulton County v. SOCO Contracting Co.*, 343 Ga. App. 889, 897 (2) (a) (808 SE2d 891) (2017). "A court may grant a motion to withdraw (1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits." *Crowther v. Estate of Crowther*, 258 Ga. App. 498, 500 (1) (574 SE2d 607) (2002). See also *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006).

> Depriving a party of a judgment by default is not the kind of prejudice envisioned by the Civil Practice Act. Moreover, the purpose of requests for admissions is to expedite trial and clarify the issues in a case, not gain tactical advantage over an opponent. We review the trial court's ruling on a motion to withdraw for abuse of discretion.

(Citations and punctuation omitted.) *Sayers*, 280 Ga. App. at 226 (2).

We considered a similar circumstance in *Sayers*. In that case, after the defendants filed an answer and counterclaim, the plaintiffs served them with RFAs, asking them to admit that all allegations of the complaint were true and that all

allegations of the counterclaim were false. 280 Ga. App. at 225 (2). The plaintiffs subsequently moved for summary judgment in their favor, citing the defendants' failure to respond to the RFAs. Id. The next month, the defendants' new counsel filed responses to the RFAs and moved to open or extend discovery, for summary judgment, and to set aside a previously issued injunction. Id. Following a hearing, the trial court agreed with the plaintiffs and granted their motion for summary judgment on all counts of the complaint and dismissed the counterclaim. Id. at 226 (2). This Court reversed. We found that the trial court had abused its discretion by applying the wrong legal standard, concluded that the substance of the defendants' motion and argument at the hearing "plainly showed" that they were seeking to withdraw the admissions, and remanded the case to the trial court for it to consider the defendants' arguments under the standard applicable to a motion to withdraw admissions as set forth in OCGA § 9-11-36 (b).[5] Id. at 226-27 (2). We conclude similarly in this case as to the substance of the Lynns' filings and counsel's arguments at the hearing, and thus we vacate the trial court's order granting AEG's motion for summary judgment, and

---

[5] Courts should examine the substance of a motion rather than its nomenclature in determining the relief sought. See *Thompson v. State*, 274 Ga. 818, 819 (559 SE2d 730) (2002).

remand the case for the trial court to consider the Lynns' argument to withdraw the admissions prior ruling on the pending motion for summary judgment. See id. Cf. *131 Ralph McGill Blvd. v. First Intercontinental Bank*, 305 Ga. App. 493, 494-95 (1) (699 SE2d 823) (2010) (oral motion for additional day to respond to RFA combined with argument at hearing was sufficient to allow trial court to permit withdrawal); *Rocor Intl. v. Guyton*, 229 Ga. App. 758, 761 (1) (494 SE2d 571) (1997) (reversing lower court and finding that oral motion to withdraw admissions in the informal administrative setting of workers' compensation case was sufficient to authorize ALJ's withdrawal of matters deemed admitted).

2. Given our ruling in Division 1, we need not consider the Lynns' remaining enumerations of error.

*Judgment vacated and remanded with direction. Barnes, P. J., and Watkins, J., concur.*