A02A0950, A02A0951. COLLIER v. CAWTHON; and vice versa.
(570 SE2d 53)

BLACKBURN, Chief Judge.

In Case No. A02A0950, appellants/cross-appellees Dr. Millard J. Collier, Jr. and Atlanta West Healthcare, P.C. appeal the trial court's denial of their motion to set aside the default judgment against them. In Case No. A02A0951, appellee/cross-appellant Patricia Cawthon appeals the trial court's denial of her motion for directed verdict as to her medical costs. We affirm the trial court's decisions in both cases.

Cawthon filed a complaint against Dr. Collier and Atlanta West Healthcare on October 21, 1998. In her complaint, Cawthon alleged that Dr. Collier violated the applicable medical standard of care by prescribing and administering certain steroid injections to her, thereby causing avascular necrosis in both of her hip joints. Appel-

---

[8] *Pruitt v. State*, 245 Ga. App. 801, 803 (2) (538 SE2d 874) (2000).
[9] *Smith v. State*, 249 Ga. App. 39, 44 (5) (547 SE2d 598) (2001).

lants did not answer the complaint, and on January 7, 1999, the trial court entered a default judgment against them.

On August 4, 2000, appellants received notice from the trial court of a jury trial on damages in the case. At this point, Dr. Collier contacted his insurance carrier and forwarded the court papers to it. Dr. Collier also retained counsel, and on August 16, 2000, appellants filed a motion to set aside the default. In an affidavit, Dr. Collier testified that he had failed to answer the complaint because he had never been served with it. Appellants also filed a verified answer to the complaint.

Following oral argument from the parties on the motion to set aside the default, the trial court denied the motion and allowed the case to proceed to trial on damages only. The jury awarded Cawthon total damages of $170,000.

### Case No. A02A0950

1. In their sole enumeration of error, appellants contend that the trial court erred by denying their motion to set aside the default judgment. We disagree and find no reversible error.

Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. The question of whether to open a default on one of the three grounds noted above rests within the discretion of the trial judge.

(Citation and punctuation omitted.) *Follmer v. Perry*.[1] Accordingly, "[t]he sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case." (Punctuation omitted.) Id.

In this case, it is clear that appellants satisfied the four conditions set forth in OCGA § 9-11-55. The motion to set aside default was supported by affidavits made under oath by Dr. Collier. Appellants offered to plead instanter, announced ready to proceed with trial, and filed a verified answer setting forth meritorious defenses.

---

[1] *Follmer v. Perry*, 229 Ga. App. 257, 258 (1) (493 SE2d 631) (1997).

The issue, then, is whether the trial court abused its discretion in concluding that Dr. Collier had failed to make a proper case for opening the default.

> The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits for default judgment is not favored in law. Our courts have expressed a policy of liberality toward motions for relief from entry of default and have resolved doubts in favor of the party seeking relief so that the case can be heard on the merits. Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense.

(Citations omitted.) *Ewing v. Johnston.*[2] Given this policy of liberality, the trial court would not have erred had it decided to open default in this case. However, "[o]n appeal the test to determine whether the trial court erred in opening default is not whether this court would have granted or denied the motion had it been ruling thereon at the trial level." (Punctuation omitted.) *Ryles v. First Oglethorpe Co.*[3] The test, as indicated above, is whether the trial court abused its discretion in denying the motion under the facts of this case.

The trial court had the permanent process server's entry of service showing that he had served Dr. Collier personally on October 22, 1998. "A return of service entered upon a declaration is of itself evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Punctuation omitted.) *Bullard v. C & S Nat. Bank of East Point.*[4] Though Collier's affidavit created an issue as to whether he was personally served, the judge resolved this credibility issue against him. Id. Thus,

> [t]he circumstances of this case do not present a situation where the trial court is required either to grant or decline to grant the motion to open default under penalty of case reversal for having made the wrong choice. Rather, there exists *some* evidence in this case which would support a ruling of the trial judge either to open or to decline to open the

---

[2] *Ewing v. Johnston*, 175 Ga. App. 760, 764 (334 SE2d 703) (1985).
[3] *Ryles v. First Oglethorpe Co.*, 213 Ga. App. 327, 328 (1) (444 SE2d 578) (1994).
[4] *Bullard v. C & S Nat. Bank of East Point*, 167 Ga. App. 47 (306 SE2d 51) (1983).

default. Whatever ruling the trial court made as to the issue before us, there would have been no abuse of judicial discretion. On appeal an appellant must show harmful error. Under the existing circumstances, the record will not support a finding of abuse of discretion by the trial court.

(Citations and punctuation omitted.) *Ryles*, supra at 329.

2. Cawthon has filed a motion for an award of damages based on her contention that appellants' appeal is frivolous. Given our determination that the trial court would not have erred had it decided to open default in this case, that motion must be denied.

### Case No. A02A0951

In a cross-appeal, Cawthon argues that the trial court erred in failing to grant her motion for directed verdict as to medical costs related to her avascular necrosis and her bilateral hip replacement surgeries. We do not agree.

"[A] directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall *demand* a particular verdict. Thus, the question is not on whose behalf the evidence preponderates[;] it is whether a verdict is demanded as a matter of law." (Citations and punctuation omitted.) *Stowe v. State.*[5] "The standard of review of the trial court's denial of a motion for directed verdict in a civil case is the 'any evidence' standard." (Punctuation omitted.) *CSX Transp. v. Barnett.*[6]

At the trial on damages, Cawthon submitted as evidence a medical expense summary chart and testified that all of the expenses detailed in the chart were necessary for her hip replacement surgery. Appellants questioned the validity of the chart and showed that certain charges were not related to the hip replacement surgeries. Appellants also introduced Cawthon's extensive medical history and suggested that many physician charges and costs of hospitalization may have resulted from these other medical conditions and problems rather than from the hip replacement surgery. Given this conflict in the evidence, the trial court did not err in denying the motion for directed verdict and submitting the issue of damages to the jury. *Pope v. Fields.*[7]

*Judgments affirmed. Johnson, P. J., and Miller, J., concur.*

---

[5] *Stowe v. State*, 272 Ga. 866, 867-868 (536 SE2d 506) (2000).

[6] *CSX Transp. v. Barnett*, 199 Ga. App. 611, 613 (2) (405 SE2d 506) (1991).

[7] *Pope v. Fields*, 273 Ga. 6, 9 (536 SE2d 740) (2000).

DECIDED JULY 30, 2002.

*Alston & Bird, Lori G. Baer, David M. Menichetti,* for appellant.
*Bird, Ballard & Still, William Q. Bird, Karin A. Middleton, Carla R. Johnson,* for appellee.