A02A2309. HENDERSON et al. v. QUADRAMED CORPORATION.
(580 SE2d 542)

BARNES, Judge.

Willie Preston, individually, and Sadie Henderson, individually and as administratrix of the estate of Celeste Henderson, sued numerous medical entities for malpractice, wrongful death, and fraud related to the infant Celeste Henderson's death. The plaintiffs alleged in their complaint filed November 13, 2000, that Quadramed Corporation committed fraud and breached their fiduciary and private duties to the plaintiffs by intentionally withholding medical records that revealed the names of certain medical practitioners.

On November 14, 2000, CT Corporation was served as Quadramed's registered agent for service of process, and forwarded the complaint to the company. The company failed to answer within 30 days, and also failed to reopen the default as of right within the next 15 days. On January 10, 2001, Quadramed paid costs, filed an answer, and moved to open the default. The trial court granted the motion, and granted plaintiffs a certificate of immediate review. This court subsequently granted plaintiffs' application for interlocutory review. Finding no error, we affirm the trial court's order opening Quadramed's default.

1. Plaintiffs argue that the trial court erred in finding that Quadramed established a meritorious defense, one of the four conditions that must be satisfied initially. A defendant seeking to open a default must also make a showing of the meritorious defense under oath, offer to plead instanter, and announce ready to proceed with trial. OCGA § 9-11-55 (b); *McCombs v. Synthes (U.S.A.),* 250 Ga. App. 543, 546-547 (2) (553 SE2d 17) (2001). If and only if those four conditions are met may the trial court open the default on one of three grounds: that the pleadings were not filed due to providential cause; that they were not filed due to excusable neglect; or that a proper case has been made considering all the circumstances. Id. Once the required four conditions have been met, whether to open a default

lies within the trial court's sound discretion, which we review only for abuse. Id.

The plaintiffs first argue that Quadramed's initial affidavit accompanying its answer and motion to open default was insufficient. In his January 2001 affidavit, Quadramed executive vice president Michael Lanza said that he had been employed with the company for three and a half months. The plaintiffs argue that any of Lanza's representations regarding facts occurring before his employment with Quadramed cannot be based on personal knowledge, and therefore do not establish a meritorious defense.

"An affidavit based upon 'the best of his knowledge and belief' is nothing more than the affiant's opinion given without any demonstrated basis of knowledge," and, in the context of a summary judgment motion, does not constitute evidence. (Citation, punctuation and emphasis omitted.) *Morris-Bancroft Paper Co. v. Coleman*, 188 Ga. App. 809, 810 (374 SE2d 544) (1988). In this case, however, Lanza recited in his affidavit that he had personal knowledge of the facts set forth in the affidavit. Further, we have held that a lawyer's affidavit, which obviously would not be based on personal knowledge as a witness to the incidents alleged but rather upon his investigation of the case, may establish a sufficient meritorious defense to open a default. *Mars, Inc. v. Moore*, 207 Ga. App. 912, 913 (429 SE2d 299) (1993).

"[T]here is no requirement that the affidavit contain in great detail the factual basis of the proposed defense." *Cohutta Mills, Inc. v. Hawthorne Indus.*, 179 Ga. App. 815, 816 (1) (a) (348 SE2d 91) (1986). Establishing a meritorious defense "does not require a defendant to show that it will completely defeat plaintiff's claim; rather, the defendant must demonstrate that if relief from default is granted, the outcome of the suit may be different from the result if the default stands." (Citation and punctuation omitted.) *Johnson v. American Nat. Red Cross*, 253 Ga. App. 587, 590 (1) (569 SE2d 242) (2002). Thus we find no merit to this argument.

The plaintiffs also argue that the trial court could not consider another affidavit Quadramed subsequently filed in response to the plaintiffs' motion for a default judgment, later withdrawn, because this later affidavit was untimely. They further argue that, even if considered, the affidavit fails to establish a meritorious defense because it was impeached and conclusory. Pretermitting whether it was within the trial court's discretion to consider this affidavit, as Quadramed moved it to do, the trial court did not err in concluding that the initial affidavit of executive vice president Lanza alone was sufficient to establish a meritorious defense.

2. The plaintiffs contend that the trial court abused its discretion in finding that Quadramed's failure to file a timely answer was due

to excusable neglect, arguing that it gave no explanation for failing to file within the 15-day grace period, it improperly relied exclusively on the U. S. Postal Service, and its office mismanagement was an insufficient excuse.

As noted earlier, once a defaulting defendant meets the four required conditions, the trial court in its discretion may open a default on the ground of providential cause, excusable neglect, or a proper case. The statute

> conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, "where the judge from all the facts shall determine that a proper case has been made," etc.

*Axelroad v. Preston*, 232 Ga. 836, 837 (1) (209 SE2d 178) (1974). The "proper case" ground "is broader than the other two. Its essence is the discretion of the trial judge." *Houston v. Lowes of Savannah*, 136 Ga. App. 781, 782 (1) (222 SE2d 209) (1975).

The appellate courts will affirm a trial court's decision to open the default if the record sustains that decision under any of these grounds. *Copeland v. Carter*, 247 Ga. 542, 543 (1) (277 SE2d 500) (1981). Finally, "excusable neglect and proper cause cannot be determined by fixed rules, but rather must be decided based on the operative circumstances in each particular case." (Citations omitted.) *Pleats, Inc. v. OMSA, Inc.*, 211 Ga. App. 643, 644 (1) (440 SE2d 214) (1993).

In this case, Quadramed's executive vice president explained that the answer was not timely filed because the employee to whom the registered agent sent the complaint after service had left the company, and that letter remained unopened for five weeks. It appears that Quadramed moved to open the default no more than two weeks after the expiration of the time during which it could have opened the default by right, and we cannot say the trial court abused its discretion in granting the company's motion to open the default.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 24, 2003 —
RECONSIDERATION DENIED MARCH 31, 2003 — ▮

*Neal H. Howard & Associates, Neal H. Howard, William D. James, Debra S. Robinson, Brown & Tanksley, Charles B. Tanksley,* for appellants.

*Morris, Manning & Martin, Lewis E. Hassett, Jessica F. Pardi,* for appellee.