## A05A1708. GILLIAM v. LOVE.
### (621 SE2d 805)

BLACKBURN, Presiding Judge.

Following an order opening default, James E. Gilliam appeals, contending that the trial court abused its discretion in permitting the default to be opened. Finding no error, we affirm.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. The question of whether to open a default on one of the three grounds noted above rests within the discretion of the trial judge. The sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case.

(Citations and punctuation omitted.) *K-Mart Corp. v. Hackett.*[1]

Viewed in favor of the trial court's judgment, the record shows that Gilliam served a lawsuit on the defendant twice. A special process server notoriously served the summons and complaint by leaving a copy of the documents with the defendant's wife at his residence on September 28, 2004. The sheriff then notoriously served another copy of the same documents in the same manner on October 18, 2004. The defendant answered on November 4, 2004, more than 30 days after the service by special process server, but within 30 days of the sheriff's service. The defendant did not pay court costs when he filed his answer.

Relying solely upon the first service of process, Gilliam moved for default judgment, arguing that the defendant filed his answer past the 30-day period allowed by OCGA § 9-11-12 (a), and that costs were not paid as required by OCGA § 9-11-55 (a) to permit opening of the default as a matter of right. The defendant objected to the motion, explaining that he timely filed his answer as of the date he was served by the sheriff. The trial court granted the motion.

The defendant moved for reconsideration of the entry of default, contesting service by the special process server. He paid costs, made

---

[1] *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 128 (1) (514 SE2d 884) (1999).

a showing under oath, offered to plead instanter, announced ready to proceed with trial, and set up a meritorious defense. See OCGA § 9-11-55 (b); *K-Mart Corp.*, supra. The trial court granted the motion, specifically finding that the defendant showed excusable neglect, good cause, and otherwise satisfied the requirements of OCGA § 9-11-55 (b). See *K-Mart Corp.*, supra.

We cannot say that the trial court abused its discretion in its ruling. Id. The court had before it evidence that the special process server came to the defendant's house pretending to be a State Farm insurance investigator or agent, and that he told the defendant and his wife that the sheriff would probably serve a lawsuit at a later date. Under the same auspices, the process server came a second time, leaving the summons and complaint with the defendant's wife, and telling her that someone would be in contact in the future regarding the lawsuit. The defendant's wife, who carries State Farm as her insurance, had no reason to believe that her own insurance carrier would be serving her with a lawsuit, which was implicitly confirmed when, eight days later, the sheriff served her with the same summons and complaint for her husband. Under these circumstances, the court did not abuse its discretion in finding understandable confusion on the part of the defendant as to when he was actually served with the lawsuit, and thus in finding good cause to open the default. See *Rogers v. Coronet Ins. Co.*[2] (excusable neglect found where party relied on unexplainable notation on summons that service occurred later).

We are also mindful that

[t]he rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits for default judgment is not favored in law. Our courts have expressed a policy of liberality toward motions for relief from entry of default and have resolved doubts in favor of the party seeking relief so that the case can be heard on the merits. Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense.

*Collier v. Cawthon.*[3]

---

[2] *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 48-49 (2) (424 SE2d 338) (1992).
[3] *Collier v. Cawthon*, 256 Ga. App. 825, 827 (1) (570 SE2d 53) (2002).

Evidence showed that the defendant here acted with reasonable promptness and alleged a meritorious defense. We find no abuse of discretion in the opening of the default. The record amply supports the trial court's findings of excusable neglect, good cause, and satisfaction of the requirements of OCGA § 9-11-55 (b).

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 3, 2005 —

*Sherrod J. Waites II*, for appellant.
*Sharon W. Ware & Associates, Charles E. Pinkard, Jr.*, for appellee.