## A09A2341. ABA 241 PEACHTREE, LLC v. BROOKEN & McGLOTHEN, LLC et al.

(690 SE2d 514)

BERNES, Judge.

Appellant ABA 241 Peachtree, LLC sued appellees Eric McGlothen and Brooken & McGlothen, LLC ("B&M") to recover past due rent arising from an alleged breach of a commercial lease agreement. McGlothen filed his answer to the complaint one day late, automatically placing the case in default. After the time period in which McGlothen could have opened the default as a matter of right elapsed, Peachtree moved for a default judgment. In a series of orders, the trial court denied Peachtree's motion for default judgment, allowed McGlothen to open the default and to withdraw certain admissions that had been deemed admitted by virtue of McGlothen's failure to respond to discovery, and awarded McGlothen summary judgment. Peachtree argues that the trial court's rulings were erroneous. For the reasons that follow, we affirm in part and reverse in part.

The record shows that Peachtree filed suit against McGlothen and B&M, alleging breach of a commercial lease agreement. McGlothen was served with the summons and complaint on May 21, 2007. McGlothen, who was acting pro se, miscalculated the response due date and filed an answer on June 21 — 31 days after the date of service, thereby placing the case in automatic default pursuant to OCGA § 9-11-55 (a).

On August 28, 2007, Peachtree moved the trial court for entry of a default judgment and also served McGlothen with several discovery requests, amongst them a request for admissions. McGlothen responded to Peachtree's motion for default judgment, mistakenly asserting that his answer had been timely filed. He also filed a motion to dismiss the complaint, arguing that Peachtree had failed to state a claim against him because he was not a party to the lease, had not signed the lease on behalf of B&M, and had not personally guaranteed the lease. McGlothen also argued that there was no allegation or evidence authorizing a piercing of B&M's corporate veil so as to subject McGlothen to personal liability.

McGlothen paid costs and the trial court initially held that McGlothen had opened the default as a matter of right, pursuant to

OCGA § 9-11-55 (a).[1] The trial court also entered an order converting McGlothen's motion to dismiss into a motion for summary judgment and directed that responses be filed within 30 days of the order.

Peachtree then filed a motion for reconsideration of the order opening the default as a matter of right. It also filed a brief in opposition to McGlothen's motion for summary judgment in which it contended that McGlothen had admitted his liability when he failed to respond to Peachtree's request for admissions, specifically the request asserting McGlothen's joint and several liability for the unpaid rent. Peachtree further contended that it was prepared to amend its complaint to add allegations related to the piercing of B&M's corporate veil in order to establish McGlothen's personal liability, but that McGlothen's failure to answer its other discovery requests prevented it from ascertaining the information necessary to ensure that allegations were made in good faith.

McGlothen responded to Peachtree's motion for reconsideration of the order opening the default by conceding that he had not been entitled to open the default as a matter of right pursuant to OCGA § 9-11-55 (a), but nevertheless asserting that he was entitled to open the default pursuant to OCGA § 9-11-55 (b). He also filed a motion to withdraw admissions supported by a sworn affidavit. In the affidavit, McGlothen averred that he was not a party to the lease at issue; that he had not personally guaranteed any of the obligations under the lease; that B&M was a Georgia corporation duly organized under the laws of Georgia; that B&M operated entirely separate from himself; and that B&M was not used to evade statutory or contractual responsibility, was not inadequately capitalized, did not fail to adhere to corporate formalities, and did not abuse the corporate entity.

The trial court issued a series of orders disposing of the outstanding motions. The trial court held that McGlothen was entitled to open the default pursuant to OCGA § 9-11-55 (b) based upon its conclusion that this action presented "a proper case" for opening default, that McGlothen had filed his answer and announced ready to proceed to trial, and that McGlothen's affidavit set out a meritorious defense under oath. The trial court granted McGlothen's motion to withdraw the admissions, finding that the admissions

---

[1] OCGA § 9-11-55 (a) provides that a party may open the automatic default as a matter of right "by the filing of [an answer] within 15 days of the day of default, upon the payment of costs." The statute has been construed so as to mandate that both the filing of the answer and the payment of costs occur within the 15-day grace period. See *Stout v. Signate Holding*, 184 Ga. App. 154, 155 (1) (361 SE2d 36) (1987). Here, it is undisputed that McGlothen did not pay costs within 15 days of the default.

were "incredible on their face and [could] be refuted by admissible evidence." And finally, the trial court granted summary judgment to McGlothen, holding that the clear and unambiguous terms of the lease agreement established that he was not, as a matter of law, personally obligated for any amounts due under the lease. It is from these orders that Peachtree appeals.

1. Peachtree contends that the trial court erred in permitting McGlothen to open the default pursuant to OCGA § 9-11-55 (b).[2] It argues that it was entitled to a default judgment as a matter of right pursuant to OCGA § 9-11-55 (a) because McGlothen had not yet paid costs at the time that Peachtree filed its original motion for default judgment.

But, contrary to Peachtree's position, OCGA § 9-11-55 (b) authorizes a trial court, in its discretion, to open a prejudgment default *at any time before final judgment* on one of three grounds, so long as four conditions are met. The three grounds are providential cause, excusable neglect, and proper case. OCGA § 9-11-55 (b). See *Patterson v. Bristol Timber Co.*, 286 Ga. App. 423, 426 (2) (649 SE2d 795) (2007). The four required conditions are (a) a showing made under oath; (b) an offer to plead instanter; (c) an announcement of ready to proceed to trial; and (d) the setting up of a meritorious defense. OCGA § 9-11-55 (b); *Patterson*, 286 Ga. App. at 426 (2).

Here, the trial court specifically noted that it was allowing the default to be opened on the ground that a proper case had been made, a ground which entitled the trial court to consider "all the facts." OCGA § 9-11-55 (b). "The 'proper case' ground . . . has been construed to confer discretion on the trial court broader than that conferred on the other two grounds[,] as if reaching out to take in every conceivable case where injustice might result if the default were not opened." (Citation and punctuation omitted.) *Legacy Hills Residential Assn. v. Colonial Bank*, 255 Ga. App. 144, 145 (564 SE2d 550) (2002). See *Axelroad v. Preston*, 232 Ga. 836, 837 (1) (209 SE2d 178) (1974); *Colonial Penn Life Ins. Co. v. Market Planners Ins. Agency*, 209 Ga. App. 562, 563 (434 SE2d 124) (1993). "[T]he sole function of an appellate court reviewing a trial court's [grant] of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case." *Gilliam v. Love*, 275 Ga. App. 687 (621 SE2d 805) (2005). See *Patterson*, 286 Ga. App. at 426-427 (2).

---

[2] In its brief, Peachtree also argues that the trial court erroneously opened the default pursuant to OCGA § 9-11-55 (a). The trial court conceded and corrected this error in its order on Peachtree's motion for reconsideration.

The record in the case sub judice supports the trial court's conclusion that each of the four conditions precedent had been met. McGlothen had filed an answer, had announced ready to proceed to trial, and had filed a sworn affidavit setting forth a meritorious defense. Moreover, we cannot say that here, where the default is the result, not of failing to file an answer, but of a one-day miscalculation of the due date, that the trial court abused its discretion in concluding that this was a proper case in which to allow McGlothen to open the default. See *Gilliam*, 275 Ga. App. at 688-689; *Henderson v. Quadramed Corp.*, 260 Ga. App. 680, 682 (2) (580 SE2d 542) (2003); *Albee v. Krasnoff*, 255 Ga. App. 738, 740-741 (1) (566 SE2d 455) (2002); *Legacy Hills Residential Assn.*, 255 Ga. App. at 145-146.

2. Peachtree further argues that the trial court abused its discretion in granting McGlothen's motion to withdraw admissions.

> Pursuant to OCGA § 9-11-36 (b), the trial court may permit withdrawal . . . of the admissions when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal . . . will prejudice him in maintaining his action or defense on the merits. The trial court's ruling on this issue may be reversed only upon an abuse of discretion.

(Punctuation and footnote omitted.) *Brown v. Morton*, 274 Ga. App. 208, 209-210 (617 SE2d 198) (2005). See OCGA § 9-11-36 (b); *Cielock v. Munn*, 244 Ga. 810, 811 (262 SE2d 114) (1979). In considering this issue, we note that "the ultimate purpose of litigation is to see the controversies are decided on their merits, and that the purpose of the rules of law is to promote justice rather than reward technical proficiency." (Citation and punctuation omitted.) *Moore Ventures Ltd. Partnership v. Stack*, 153 Ga. App. 215, 218 (264 SE2d 725) (1980).

The original burden of showing that the presentation of the merits of the action would be subserved by allowing him to withdraw the admissions fell upon McGlothen. See *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006); *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726, 728 (1) (405 SE2d 764) (1991). He could meet this burden by showing that the admitted requests either were refutable "by admissible evidence having a modicum of credibility" or were "incredible on [their] face," and that his denial was "not offered solely for the purposes of delay." *Intersouth Properties*, 199 Ga. App. at 728 (1). See *Turner*, 280 Ga. App. at 257 (1).

The record supports the trial court's determination that

VALELAW LIBRARY

McGlothen met his burden. While McGlothen's failure to respond to Peachtree's request resulted in an admission that he was "jointly liable" for the debts of B&M, the record evidence shows that McGlothen was not a party to nor a guarantor of the subject lease agreement. This evidence was certainly sufficient to refute as pled Peachtree's allegations that McGlothen shared personal liability for the debts of B&M, and to further conclude that his denial of liability was not simply a delaying tactic. See OCGA § 9-11-36 (b); *Brankovic v. Snyder*, 259 Ga. App. 579, 583 (578 SE2d 203) (2003); *Saleem v. Snow*, 217 Ga. App. 883, 887 (2) (460 SE2d 104) (1995); *Rowland v. Tsay*, 213 Ga. App. 679, 679-680 (1) (445 SE2d 822) (1994).

The record also supports the trial court's conclusion that Peachtree did not establish that the withdrawal would prejudice it in maintaining the action on the merits. "Merely being forced to go to trial is not such a prejudice as will prevent the withdrawal of admissions." *Brankovic*, 259 Ga. App. at 583. See *Saleem*, 217 Ga. App. at 887 (2); *Rowland,* 213 Ga. App. at 680 (1). Peachtree "has no right to a judgment based on false 'admissions' effected merely because [McGlothen failed to] answer[ ] the requests for admission, for such false admissions do not subserve the merits." (Emphasis omitted.) *Bailey v. Chase Third Century Leasing Co.*, 211 Ga. App. 60, 62 (1) (438 SE2d 172) (1993). It follows that the trial court did not abuse its discretion in granting McGlothen's motion. See also *Johnson v. City Wide Cab*, 205 Ga. App. 502, 505 (1) (422 SE2d 912) (1992).

3. Finally, Peachtree argues that the trial court erred in granting summary judgment to McGlothen without first giving it additional time to conduct discovery and present additional evidence in support of its claim. We agree.

As previously discussed, Peachtree alleged that McGlothen was jointly liable with B&M for the debts of the corporation. In its brief opposing summary judgment, Peachtree primarily relied upon McGlothen's admission of that fact, but also asserted that it had served McGlothen with discovery requests aimed specifically at obtaining information relevant to a piercing of B&M's corporate form. Peachtree further asserted that it had a good faith basis to contend that B&M had improperly disbursed funds to its members rather than pay its corporate debts, but that McGlothen's failure to respond to its discovery requests "prevented [it] from ascertaining the true status of [B&M] as a corporation and what evidence exists to pierce or uphold the corporate veil." Peachtree concluded its brief by requesting that the trial court deny summary judgment and compel McGlothen to fully respond to its discovery.

Under these circumstances, the trial court erred in failing to afford Peachtree the opportunity to present additional evidence prior

to ruling on McGlothen's motion for summary judgment. See *Carr v. Nodvin*, 178 Ga. App. 228, 231 (2) (342 SE2d 698) (1986). Cf. *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406, 408 (1) (283 SE2d 632) (1981). Peachtree had no duty to submit further evidence and was entitled to rely upon McGlothen's admissions until such time as the trial court permitted their withdrawal. *Carr*, 178 Ga. App. at 231 (2). We therefore remand this case to the trial court for additional proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 3, 2010.

*Manchel, Wiggins & Kaye, Scott M. Kaye*, for appellant.
*John A. Moore*, for appellees.