**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 3, 2013**

# In the Court of Appeals of Georgia

A13A0529. ELROD et al. v. SUNFLOWER MEADOWS
      DEVELOPMENT, LLC et al.

ANDREWS, Presiding Judge.

Plaintiffs Mike Elrod, Connie Elrod (collectively, Elrod), and Lake Dows Estates Property Owners Association appeal the trial court's order granting summary judgment to defendant Crown Communities, Inc. Elrod and the Association also appeal from the trial court's orders allowing Crown to withdraw admissions, striking an affidavit submitted by Elrod and the Association in support of their cross-motion for summary judgment, and awarding Crown attorney fees. For the reasons set forth below, we find no error and affirm.

The record shows that Elrod and the Association sued Crown and Sunflower Meadows Development, LLC, for negligence, trespass, and nuisance. In their

complaint, Elrod and the Association contended that Crown's and Sunflower's development and land clearing activities had caused high levels of sediment to flow onto Elrod's and the Association's property. Elrod and the Association later served Crown with requests for admissions. They asked Crown to admit or deny numerous matters, including that Crown owned real property adjoining Elrod's and the Association's real property; that Crown constructed multiple ponds on its property; that erosion resulting from the construction of Crown's ponds caused sediment to flow into the lake and pond on Elrod's and the Association's property, causing damage; and that, after being notified of the sediment buildup in Elrod's pond and lake, Crown failed to take adequate measures to prevent sediment from flowing from Crown's property onto Elrod's and the Association's property. Although served on March 6, 2009, Crown did not respond to the request for admissions until September 2009.

Crown, and Elrod and the Association filed cross-motions for summary judgment. Elrod and the Association filed the affidavit of D. Wayne Smith in support of their motion for summary judgment, and Crown moved to strike the affidavit. Crown also moved to withdraw its admissions and for attorney fees pursuant to OCGA § 9-15-14 (b). Following a hearing, the trial court granted Crown's motion to

withdraw its admissions and the trial court struck, as to Crown only, the affidavit of D. Wayne Smith. The trial court also granted Crown's motion for summary judgment and awarded Crown $42,622.50 as attorney fees.

1. Elrod and the Association contend that the trial court erred in allowing Crown to withdraw its admissions. We disagree. We review a trial court's ruling on a motion to withdraw admissions for abuse of discretion. See *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006) (finding that "OCGA § 9-11-36 (b) vests broad discretion in the trial court to permit withdrawal or amendment of the admission"); *Brown v. Morton*, 274 Ga. App. 208, 210 (617 SE2d 198) (2005).

Pursuant to OCGA § 9-11-36 (a) (2), subject to such shorter or longer time as the court may allow, a matter on which an admission is requested is admitted unless the party to whom the request was directed answers or objects within 30 days of service of the request. See *Sayers v. Artistic Kitchen Design, LLC*, 280 Ga. App. 223, 226 (2) (633 SE2d 619) (2006). It is undisputed that Crown did not respond to Elrod's and the Association's request for admissions within 30 days of service. OCGA § 9-11-36 (b) provides, however, that the trial court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that

withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Crown moved to withdraw its admissions, and the trial court, after considering both prongs of the foregoing test, granted Crown's motion.[1]

The movant has the initial burden of demonstrating that presentation of the merits of the action will be served by allowing the withdrawal of its admissions. See *ABA 241 Peachtree, LLC v. Brooken & McGlothen, LLC*, 302 Ga. App. 208, 211 (2) (690 SE2d 514) (2010). In carrying that burden, Crown was required to show "that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that [its] denial was not offered solely for the purposes of delay." (Citation and punctuation omitted.) Id. See *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726, 728 (1) (405 SE2d 764) (1991). Although Elrod and the Association contend that Crown did not present any admissible evidence to refute its admissions, Crown showed through the affidavit of its CEO that, among other things, Crown had not performed any grading or land disturbance activities adjacent to or near any of the properties owned by Elrod or the

---

[1] The trial court's order acknowledged Crown's alternate argument that Crown was not required to respond to a request for admissions served, as it was here, after the expiration of the six-month discovery period, but the trial court never ruled that Crown was not required to respond to the request, and it then applied the traditional test for considering a motion to withdraw admissions.

Association, and that Crown did not own or develop any of the properties referenced in Elrod's and the Association's request for admissions. The trial court acknowledged this evidence, which it found further supported by the deposition of Mike Elrod, who conceded that Crown was not a property developer. The evidence was sufficient to show that Crown had refuted its admissions and that its motion to withdraw was not solely interposed for delay. See OCGA § 9-11-36 (b); *ABA 241 Peachtree, LLC*, 302 Ga. App. at 212 (2).

If the movant satisfies the court on the first prong, the burden is on the respondent to show that the withdrawal or amendment will prejudice the respondent in maintaining its action or defense on the merits. See OCGA § 9-11-36 (b); *Intersouth Properties*, 199 Ga. App. at 728 (1). In that respect, "[m]erely being forced to go to trial is not such a prejudice as will prevent the withdrawal of admissions." *Brankovic v. Snyder*, 259 Ga. App. 579, 583 (578 SE2d 203) (2003). Here, Elrod and the Association were put on notice in September 2009 that Crown sought to withdraw its admissions and had presented evidence that those admissions were false, over two years before the hearing on the motion to withdraw. The record supports the trial court's finding that Elrod and the Association did not show, either in their briefing

5

below or at the motion hearing, that they would be prejudiced in maintaining their action on the merits by the withdrawal of Crown's admissions.

The purpose of requests for admissions is "to expedite trial and clarify the issues in a case, not gain tactical advantage over an opponent." Id. Given that Crown came forward with credible evidence refuting its admissions and that Elrod and the Association failed to show prejudice, the trial court did not abuse its discretion in granting's Crown's motion to withdraw its admissions. See *ABA 241 Peachtree, LLC,* 302 Ga. App. at 212 (2).

2. Elrod and the Association also contend that the trial court erred in granting Crown's motion to strike the affidavit of D. Wayne Smith. We disagree. We review a trial court's decision on a motion to strike for abuse of discretion. *Hayward v. The Kroger Co.*, 317 Ga. App. 795, 797 (1) (733 SE2d 7) (2012).

Elrod and the Association filed the affidavit of engineer D. Wayne Smith in support of their motion for summary judgment. The affidavit provides, in part, that Phase II of a single-family residential subdivision known as "Sunflower Meadows" is adjacent to property owned by the Association. According to D. Wayne Smith, "all drainage flow that crosses [Elrod's and the Association's property] emanates from the Sunflower property." He goes on to describe how runoff and sediment from certain

lots do not comport with the Henry County-approved stormwater management report for Phase II of Sunflower Meadows. Finding that the affidavit established no facts as to Crown, the trial court granted Crown's motion to strike; provided, the trial court ruled, the affidavit was struck only as to Crown and could be used as evidence with respect to defendant Sunflower.

Elrod and the Association contend that D. Wayne Smith's affidavit met the requirements for affidavits submitted in support of summary judgment. See OCGA § 9-11-56 (e) (providing, in pertinent part, that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"). However, in considering affidavits submitted in support or opposition to summary judgment, "[i]rrelevant matter should be excluded." (Citation omitted.) *Goddard v. City of Albany*, 285 Ga. 882, 887 (6) (684 SE2d 635) (2009). We agree with the trial court's assessment that "even if the Affidavit of D. Wayne Smith is foundationally sufficient and does establish liability as to the owner, grader, or other party disturbing land at the Sunflower Meadows development, nothing in the Affidavit . . . implicates Crown, nor does it identify or establish personal knowledge as to what entities or individuals [were] involved in the allegedly injurious work." We

7

can discern nothing in the affidavit of D. Wayne Smith that is relevant to Elrod's and the Association's claims against Crown. See, e.g., *Bernstein v. Flagstar Bank*, 240 Ga. App. 535, 538 (4) (524 SE2d 241) (1999) (affidavit properly struck as inadmissible, irrelevant, and conclusory). Accordingly, we find that the trial court did not err in granting Crown's motion to strike the affidavit.

3. Elrod and the Association further claim that the trial court erred in granting Crown's motion for summary judgment. "It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. This requires a de novo review of the evidence." (Citation and punctuation omitted.) *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). Absent the admissions, Elrod and the Association point to no evidence which supports any of their claims against Crown. See *Butler v. Union Carbide Corp.*, 310 Ga. App. 21, 30 (2) (712 SE2d 537) (2011) (noting that "[a] defendant may obtain summary judgment by showing that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case") (punctuation and footnote omitted). It follows that the trial court did not err in granting summary judgment to Crown.

8

4. Last, we consider Elrod's and the Association's claim that the trial court erred in granting Crown's motion for attorney fees pursuant to OCGA § 9-15-14 (b). Elrod and the Association previously filed an application for discretionary appeal solely as to the trial court's order awarding attorney fees. See OCGA § 5-6-35 (a) (10). This Court denied the application, and Elrod and the Association are not entitled to a "second bite" in attempting to overturn the order. As we have said, "when this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits, and the order denying the application is res judicata with respect to the substance of the requested review." *PHF II Buckhead, LLC v. Dinku*, 315 Ga. App. 76, 79 (1) (726 SE2d 569) (2012). See OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be"); *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003) (holding that denial of discretionary appeal acts as res judicata on the merits); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (finding that the denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts as res judicata in subsequent proceedings). Accordingly, Elrod and the

9

Association are estopped from seeking further review of the trial court's order awarding attorney fees to Crown. See *PHF II Buckhead, LLC*, 315 Ga. App. at 79 (1).

*Judgment affirmed. Dillard and McMillian, JJ., concur.*