**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 21, 2015**

# In the Court of Appeals of Georgia

A15A1062. BILBO v. FIVE STAR ATHLETE MANAGEMENT, INC.

MILLER, Judge.

Damarius Bilbo filed a petition to confirm an arbitration award he obtained against Five Star Athlete Management ("Five Star") and to arbitrate the issue of allegedly unpaid attorney fees. Five Star filed an untimely answer and moved to dismiss Bilbo's petition and to stay arbitration. After Five Star's ability to open default as a matter of right extinguished, Bilbo moved for a default judgment. Five Star subsequently moved to open the default. Following a hearing, the trial court granted Five Star's motion to open default, denied Bilbo's motion for default judgment, and granted Five Star's motion

to dismiss and stay arbitration. Bilbo appeals, contending that the trial court erred in denying his motion for default judgment and granting Five Star's motion to open default and in dismissing his petition. For the reasons that follow, we conclude that the trial court was correct in opening the default. The trial court erred in granting Five Star's motion to dismiss Bilbo's petition to the extent Bilbo sought to confirm the arbitration award, however, the trial court did not err in granting Five Star's motion to dismiss to the extent Bilbo sought additional attorney fees because the additional fees were not awarded by the arbitrator. Consequently, we affirm in part and reverse in part.

"In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff. We review the trial court's ruling de novo." (Citations omitted.) *Roberson v. Northrup*, 302 Ga. App. 405 (691 SE2d 547) (2010).

So viewed, the petition shows that Bilbo and Five Star, his former employer, had a dispute about a non-compete agreement executed by Bilbo. The parties entered into a settlement agreement (the "Agreement"), which contained a provision ("Paragraph 3") that required Bilbo to, among other things, not make disparaging remarks about Five Star and to keep the terms of the Agreement confidential. The

2

parties agreed that the sole and exclusive method for resolving any dispute under Paragraph 3 would be through an alternative dispute procedure.

In August 2013, Five Star initiated an arbitration, claiming Bilbo had breached the confidentiality and non-disparagement provisions of the Agreement. The arbitrator held a hearing and asked both parties to submit affidavits regarding their attorney fees. Bilbo's attorney averred that Bilbo had incurred a total of $121,927 in attorney fees and approximately $8,807 in other legal costs, and that he expected additional expenses before arbitration was complete.

Thereafter, on December 12, 2013, the arbitrator entered a final arbitration order, ruling in Bilbo's favor and ordering Five Star to pay amounts due under the Agreement, as well as the attorney fees and litigation costs in the amount listed in Bilbo's counsel's affidavit.

On January 6, 2014, Five Star sent a letter to the arbitrator asking him to stay the arbitration award based on newly discovered evidence and to recuse from the case because of alleged bias ("Motion to Stay Arbitration Award"). The arbitrator denied Five Star's Motion to Stay Arbitration Award, but granted its request that he recuse. Thereafter, in April 2014, Bilbo asked the arbitrator to order Five Star to pay attorney fees he incurred by responding to Five Star's Motion to Stay Arbitration Award and

3

for attorney fees he incurred during arbitration that were not previously awarded. Citing his recusal, the arbitrator declined to rule on Bilbo's motion for additional attorney fees.

Bilbo then filed the current petition in the trial court on May 2, 2014, and served the petition on Five Star on May 5, 2014. In his petition, Bilbo conceded that Five Star made the final payment under the Agreement and paid "most" of his attorney fees. Bilbo, however, claimed that he was entitled to recover additional attorney fees he incurred in responding to Five Star's Motion to Stay Arbitration Award and fees incurred during arbitration that had been contemplated in counsel's affidavit. Bilbo asked the trial court to confirm the arbitration award and to compel arbitration on the unpaid attorney fees incurred during arbitration.

Five Star filed its answer on June 5, 2014, one day late, automatically placing the case in default. That same day, Five Star filed its motion to dismiss Bilbo's petition and to stay arbitration. Bilbo subsequently filed his motion for default judgment after Five Star's time to open default as a matter of right expired, and Five Star responded by moving to open default. Following a hearing, the trial court granted Five Star's motion to open default, denied Bilbo's motion for default judgment and granted Five Star's motion to dismiss Bilbo's petition.

4

1. On appeal, Bilbo contends that the trial court erred in denying his motion for default judgment and in granting Five Star's motion to open default. We discern no error.

> OCGA § 9-11-55 (b) authorizes a trial court, in its discretion, to open a prejudgment default at any time before final judgment on one of three grounds, so long as four conditions are met. The three grounds are providential cause, excusable neglect, and proper case. The four required conditions are (a) a showing made under oath; (b) an offer to plead instanter; (c) an announcement of ready to proceed to trial; and (d) the setting up of a meritorious defense.

(Citations and punctuation omitted.) *ABA 241 Peachtree, LLC v. Brooken & McGlothen, LLC*, 302 Ga. App. 208, 210 (1) (690 SE2d 514) (2010). "Compliance with the four conditions, including the necessity of setting up a meritorious defense, however, is a condition precedent; absent the showing of a meritorious defense, a trial court has no discretion to open a default." (Citations omitted.) *Butterworth v. Safelite Glass Corp.*, 287 Ga. App. 848, 849 (1) (652 SE2d 877) (2007). On appeal, this Court's sole function in reviewing a trial court's grant of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been satisfied and, if so, whether the trial court abused its discretion based on the facts in the case. See *ABA 241 Peachtree*, supra, 302 Ga. App. at 210 (1).

**(a) Conditions Precedent**

5

With respect to the four conditions precedent, Bilbo argues only that Five Star failed to assert a meritorious defense to his petition to confirm the arbitration award because a trial court must confirm an arbitration award upon application filed within one year of the award unless the award is vacated of modified. We disagree.

A defendant can establish a meritorious defense "by showing that if relief from default is granted, the outcome of the suit may be different from the result if the default stands." *Exxon Corp. v. Thomason,* 269 Ga. 761 (504 SE2d 676) (1998). This test does not require a showing that the defendant will completely defeat the plaintiff's claim and is consistent with the strong public policy of deciding cases on their merits. See *Legacy Hills Residential Assn. Inc. v. Colonial Bank*, 255 Ga. App. 144, 145 (564 SE2d 550) (2002).

Here, in support of its motion to open default, Five Star asserted that Bilbo's petition to confirm the award was really a petition to modify the arbitration award because Bilbo was seeking additional attorney fees not awarded by the arbitrator; and his petition to modify was untimely. Indeed, in his petition, Bilbo not only sought to confirm the arbitration award, but also sought additional attorney fees under the Agreement. As correctly determined by the trial court, Bilbo was attempting, at least in part, to modify the arbitration award, and his petition in this respect was untimely

6

because it was filed nearly five months after the arbitration award was delivered to him. OCGA § 9-9-14 ("An application to modify the award shall be made to the court within three months after delivery of a copy of the award to the applicant"); see also *Fulton County v. Lord*, 323 Ga. App. 384, 391 (2) (746 SE2d 188) (2013). Thus, the trial court did not err in finding that Five Star established a meritorious defense to the petition.

**(b) Grounds to Open Prejudgment Default**

As explained above, if the four conditions precedent are met, a trial court may open a prejudgment default for providential cause or excusable neglect, or in a proper case. OCGA § 9-11-55 (b). Bilbo contends that the trial court erred because it did not specifically determine whether Five Star established excusable neglect or a proper case.

It is true that the trial court's order does not specify the ground on which opened the default. Contrary to Bilbo's assertion, this omission does not require reversal. Georgia appellate courts will affirm a trial court's decision to open the default if the record sustains that decision under any of the three statutory grounds. See *Henderson v. Quadramed Corp.*, 260 Ga. App. 680, 682 (2) (580 SE2d 542) (2003). Where the trial court's order is silent on the issue, we may presume that the

7

trial court's decision to open default was based on the "proper case" ground, which is the broadest of the three grounds. *Johnson v. American Nat. Red Cross*, 253 Ga. App. 587, 590 (1) (569 SE2d 242) (2002). This ground is designed to "reach[] out to take in every conceivable case where injustice might result if the default were not opened[.]" (Citation omitted.) *Henderson*, supra, 260 Ga. App. at 682 (2).

Here, the record shows, and the trial court specifically found, that Five Star filed its answer one day late, and promptly moved to open the default after discovering its error in calculating the due date. Under these circumstances, we cannot say that the trial court abused its discretion by opening the default and allowing the case to proceed on the merits. See *ABA 241 Peachtree*, supra, 302 Ga. App. at 211 (1) (trial court did not abuse its discretion in opening default based on proper case ground where, like here, the default was the result, not of failing to file an answer, but of a one-day miscalculation of the due date); *Albee v. Krasnoff*, 255 Ga. App. 738, 740-741 (1) (566 SE2d 455) (2002) (trial court did not abuse its discretion in opening default where defendant promptly filed materials necessary to open default, plaintiff failed to raise default issue until defendant's time to open default as a matter of right expired, and defendant had a reasonable excuse for failing

8

to file answer). Therefore, the trial court did not err in granting Five Star's motion to open default and denying Bilbo's motion for default judgment.

2. Bilbo also contends that the trial court erred in denying his petition to confirm and in granting Five Star's motion to dismiss and stay arbitration. We agree, in part.

Under the Georgia Arbitration Code ("GAC"), OCGA § 9-9-1 et seq., a reviewing court "shall confirm an award upon application of a party made within one year after its delivery to [the party], unless the award is vacated or modified by the court as provided in [the GAC]." OCGA § 9-9-12. Thus, a trial court is bound to confirm an arbitration award unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist.[1] See *Greene v. Hundley*,

---

[1] The grounds for vacating an arbitration award are:

(1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or (5) The arbitrator's manifest disregard of the law.

OCGA § 9-9-13 (b).

9

266 Ga. 592, 596 (3) (468 SE2d 350) (1996); *Brookfield Country Club, Inc. v. St. James-Brookfield, LLC*, 299 Ga. App. 614, 619 (1) (683 SE2d 40) (2009) ("There is nothing malleable about the trial court's obligation to confirm an arbitration award absent a statutory ground to vacate it.").

Here, Bilbo filed his petition in May 2014, within one year of the December 2013 arbitration award. In his petition, Bilbo not only sought to confirm the award, but also sought additional attorney fees. To the extent Bilbo was seeking to confirm the award, the trial court was required to confirm it. The trial court ruled that Bilbo was not entitled to confirm the award because Five Star had already complied with its terms. That Five Star may have satisfied the trial court's order, however, is not a statutory ground found within OCGA § 9-9-13 that precludes confirmation. Therefore, the trial court was required to grant Bilbo's petition to the extent he wanted to confirm the award. See *Greene*, supra, 266 Ga. at 596 (3); *Brookfield Country Club*, supra, 299 Ga. App. at 619 (1).

As noted above, however, Bilbo also sought to modify the award by seeking attorney fees that were not included in the award. Since Bilbo's petition was filed in May 2014, more than three months after the December 2013 arbitration award, his petition was untimely to the extent he attempted to modify the award.

Not only was Bilbo precluded from modifying the award to include additional attorney fees, he also could not compel arbitration on the issue. Under Paragraph 3 of the Agreement, the parties agreed to arbitrate only any dispute as to whether Bilbo violated the confidentiality and non-disparagement requirements of the Agreement. There is no agreement to arbitrate any disputed attorney fees.

Therefore, the trial court correctly dismissed the portion of Bilbo's petition seeking to modify the award for additional attorney fees and correctly stayed arbitration on the issue. See *Krut v. Whitecap Housing Group, LLC*, 268 Ga. App. 436, 442 (2) (c) (602 SE2d 201) (2004) ("Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.") (citation omitted).

Accordingly, we affirm the trial court's grant of Five Star's motion to open default and denial of Bilbo's motion for default judgment. We affirm in part and reverse in part its grant of Five Star's motion to dismiss and stay arbitration, reversing only as to the trial court's refusal to confirm the December 2013 arbitration award.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Branch, J., concur*.

11