# Court of Appeals
# of the State of Georgia

ATLANTA,  July 06, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1371.  DANIEL A. SPOTTSVILLE v. STATE BOARD OF PARDONS AND PAROLE et al.

In 2011, inmate Daniel A. Spottsville filed a civil action, alleging a plethora of federal and state claims against the Board of Pardons and Paroles.  In July 2013, the trial court dismissed Spottsville's claim, finding that Spottsville's pleadings showed a complete absence of any justiciable law or fact. Spottsville filed an application for discretionary appeal to the Supreme Court.  The application, docketed as Case No. S13D1738, was denied by the Court on August 20, 2013.  In 2016, Spottsville filed pleadings to renew his action, which the trial court dismissed in October 2016.  Spottsvile then filed a motion to set aside the order denying this request to renew his civil action.  In response thereto, the trial court entered an order notifying Spottsville that he had no further recourse in the court, as a final judgment had been entered, and that it would enter no further rulings on any of his future filings. Spottsville filed a notice of appeal therefrom. We, however, lack jurisdiction for at least two reasons.

First, the Supreme Court's denial of Spottsville's application for discretionary appeal in Case No. S13D1738 constituted an adjudication on the merits; hence, the "order denying [Spottsville's] application is res judicata with respect to the substance of the requested review" here.  See *Northwest Social and Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); see also *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670 (4) (745 SE2d 846) (2013); *Hook v. Bergen*, 286 Ga. App. 258, 260-261 (1) (649 SE2d 313) (2007).

Second, even if the appeal was not barred by res judicata, Spottsville is not

entitled to a direct appeal. Because Spottsville was incarcerated at the time he filed suit in this case, his appeal is controlled by the Prison Litigation Reform Act of 1996. OCGA § 42-12-1 et seq. OCGA § 42-2-8 requires that an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35." Under OCGA § 5-6-35, a party wishing to appeal must file an application for discretionary appeal to the appropriate appellate court. Thus, Spottsville's failure to file an application for discretionary appeal in this case deprives this Court of jurisdiction over this direct appeal. See *Jones v. Townsend*, 267 Ga. 489, 490-491 (480 SE2d 24) (1997).

For these reasons, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,    07/06/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*