# Court of Appeals
# of the State of Georgia

ATLANTA, September 29, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0369. THERIAN WIMBUSH v. GWINNETT JUVENILE COURT et al.**

Therian Wimbush, whose parental rights have been terminated as to numerous children and who is presently incarcerated for child cruelty, filed a petition for mandamus asserting that the order terminating her parental rights, as well as her criminal conviction and sentence, are void because the courts that entered those orders were divested of jurisdiction when Wimbush filed notices of appeal in the pending cases. In three separate orders, the trial court dismissed her mandamus petition as to all defendants. Wimbush, proceeding pro se, then filed both an application for discretionary appeal and the instant direct appeal from the superior court's orders.[1] We denied her application for discretionary appeal. See Case No. A20D0343 (denied April 1, 2020). That denial bars our consideration of the instant direct appeal.

It is well settled that the denial of an application for discretionary appeal constitutes a decision on the merits. See *Elrod v. Sunflower Meadows Dev.*, LLC, 322 Ga. App. 666, 670 (4) (745 SE2d 846) (2013) ("[W]hen this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits, and the order denying the application is res judicata with respect to the substance of the requested review.") (punctuation omitted). Thus, the

---

[1] Both the application and direct appeal were filed in the Georgia Supreme Court, which transferred them to this Court after concluding that the case did not invoke its jurisdiction. See Case Nos. S20D0824 (Feb. 27, 2020); S20A1544 (Aug. 24, 2020)

doctrine of res judicata bars this direct appeal from the same orders. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007).

In addition, under the Prison Litigation Reform Act, any appeal in a civil case that was initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because Wimbush is incarcerated, she was required to file an application for discretionary appeal in order to appeal the trial court order. See *Brock v. Hardman*, 303 Ga. 729, 731 (2) (814 SE2d 736) (2018).

Based on the foregoing, we lack jurisdiction over this appeal. The appellees' motion to dismiss is hereby GRANTED, and this direct appeal is hereby DISMISSED. The appellees' request for the imposition of frivolous appeal penalties is hereby DENIED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,__09/29/2020_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____, Clerk.