# Court of Appeals
# of the State of Georgia

ATLANTA,  March 17, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0874. DEREK LEE THOMAS v. BARNES LAND AND INVESTMENTS et al.

On October 9, 2020, the trial court issued an order granting summary judgment to the defendants on all claims asserted by the plaintiff, Derek Lee Thomas. Thomas then filed several motions, including a "motion in arrest of judgment, or in the [alternate], motion for new trial," a motion to set aside the summary judgment order, and a motion to construe the motion for new trial as a timely filed notice of appeal or a motion for leave to file an out-of-time appeal. Thomas eventually filed a notice of appeal of the October 9, 2020 order, but we dismissed the appeal as untimely. See Case No. A21A1609 (Jul. 8, 2021). After remittitur, the trial court entered an order dismissing and denying Thomas' motions on October 27, 2021. Thomas then filed an application for discretionary appeal of the October 27, 2021 order as well as a notice of appeal of the October 9, 2020 and October 27, 2021 orders. We denied the application. See Case No. A22D0151 (Dec. 15, 2021). This is the direct appeal. We lack jurisdiction.

This Court's denial of Thomas' discretionary application constitutes a decision on the merits. See *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670 (4) (745 SE2d 846) (2013) ("[W]hen this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits, and the order denying the application is res judicata with respect to the substance of the requested review.") (punctuation omitted). Thus, Thomas' direct appeal of the October 27, 2021 order is barred. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App.

258, 261 (1) (649 SE2d 313) (2007).

Thomas is also not entitled to additional appellate review of the October 9, 2020 order. "Our determination in the earlier appeal is res judicata; the instant appeal is therefore barred, and we are without jurisdiction to review the same matter for a second time." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("[A] party is not entitled to a second appeal from a single order.").

We thus lack jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,__03/17/2022_____*
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*